IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, *et al*.                         *

Plaintiffs,                                    *

v.                                             *          Civil Action No. PX-18-1779

A & M FIRE PROTECTION, LLC                     *

Defendant                                      *
                                               *****

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs Trustees of the National Automatic Sprinkler

Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education

Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the

Sprinkler Industry Supplemental Pension Fund, Trustees of the International Training Fund, and

Trustees of the Road Sprinkler Fitter and Apprentices Work Assessments and Extended Benefit

Fund's ("NASI Funds" or "Plaintiffs") Motion for Default Judgment.  ECF No. 7.  Defendant

A&M Fire Protection, LLC, ("A&M" or "Defendant") has not filed a response or entered its

appearance, and the time for doing so has passed.  *See* D. Md. Loc. R. 105.2.a.  For the following

reasons, NASI Funds' request for this Court to enter default judgment in the amount of

$112,873.65 is GRANTED.

## I.        BACKGROUND

The following facts are taken from the Complaint and accepted as true.  ECF No. 1.

Plaintiffs are multi-employer benefit plans as that term is defined in § 3(3) of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).  Plaintiffs' Funds are

established and maintained according to the provisions of the Restated Agreements and Declarations of Trust ("Trust Agreements") establishing the NASI Funds and the Collective Bargaining Agreement ("CBA") between Road Sprinkler Fitters Local Union No. 669 ("the Union") and Defendant. ECF No. 1 ¶ 2. Defendant A&M is a contractor or subcontractor in the sprinkler industry and at all times was an "employer in an industry affecting commerce" as defined in §§ 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. §§ 142(1), (3) and 152(2); §§ 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), (14); and § 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

The parties entered into a CBA on March 7, 2014. The CBA required Defendant to submit reports and pay to Plaintiffs' Funds certain contributions for each hour worked by certain of Defendant's employees covered under the CBA. ECF No. 1 ¶ 5. The CBA covered certain of Defendant's employees from February 2016 through the filing of the Complaint. ECF No. 1 ¶ 6. Defendant has failed to make contributions and submit reports for the months of March to May 2018, as required under the CBA. ECF No. 1 ¶ 8. Additionally, A&M's contributions owed on behalf of its employees covered under the CBA were late for the months of February, April, and October of 2016; January through June of 2017; August 2017; and February through April of 2018. ECF No. 1 ¶¶ 11-12.

On June 15, 2018, NASI Funds filed this action against A&M, seeking to recover contributions and liquidated damages due and unpaid by Defendant under the terms of the CBA and Trust Agreements, plus accrued interest, costs, and attorneys' fees. ECF No. 1. Plaintiffs properly served A&M on July 27, 2018. ECF No. 5. A&M failed to answer or otherwise respond to the Complaint or contest Plaintiffs' claims. On October 29, 2018, the Clerk of the Court filed an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

ECF No. 6. NASI Funds then moved for Default Judgment against A&M on November 19, 2018, under Rule 55(b). ECF Nos. 6-7.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Whether to enter default judgment is left to the sound discretion of the court. *See, e.g.*, *Choice Hotels International, Inc. v. Jai Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels International, Inc. v. Austin Area Hospitality, Inc.*, TDC 15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015).

Although the United States Court of Appeals for the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate when a party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)); *see Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment award where the defendant lost its summons and did not respond within the proper period); *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402, 405-06 (D. Md. 2006) (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

With respect to liability, the court takes as true all well-pleaded facts in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). The court applies the pleading standards announced in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), in the context of default judgments. *See, e.g., Balt. Line Handling Co. v. Brophy,* 771 F. Supp. 2d 531, 544 (D. Md. 2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972 at *2–3 (D. Md. Apr. 9, 2012); *U.S. v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832 at *2–3 (D. Md. Oct. 27, 2011); *Bogopa Serv. Corp. v. Shulga,* No. 3:08cv365, 2009 WL 1628881, at *1–2 (W.D.N.C. June 10, 2009). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," is insufficient to award default judgment. *See, e.g., Balt. Line Handling Co.,* 771 F. Supp. 2d at 544 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the complaint avers sufficient facts from which the court may find liability, the court next turns to damages. *See Ryan,* 253 F.3d at 780-81. Damages are circumscribed by that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing or by affidavit or other records. *See* Fed. R. Civ. P. 54(c); *Lawbaugh,* 359 F. Supp. 2d at 422. *See, e.g., Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

### III.  DISCUSSION

### A.  Liability

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145; *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for, *inter alia*, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action).  ERISA therefore "provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co*., 919 F. Supp. 2d 680,  685–86 (D. Md. 2013) (quoting *Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)).  Further, the United States Court of Appeals for the Fourth Circuit has found that "a multiemployer plan can enforce, as written, the contribution requirements found in the controlling documents."  *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.,* 118 F.3d 1018, 1021 (4th Cir.1997).

Taking NASI Funds' well-pleaded facts in the Complaint as true, Plaintiffs have established that Defendant was required to make employer contributions to the NASI Funds.  Plaintiffs also established that Defendant failed to make such contributions, in violation of 29 U.S.C. § 1145.  ECF No. 1.  Defendant is thus liable for the payment of amounts owed to NASI Funds.  Default judgment in the amount of unpaid contributions is appropriate.

NASI Funds also bring an action under Section 301 of the Labor Management Relations

Act, 29 U.S.C. § 185(a). Under 29 U.S.C. § 185(a), suits for violation of a CBA may be brought in any United States District Court having jurisdiction over the parties. 29 U.S.C. § 185(a); *see also Lewis v. Benedict Coal,* 361 U.S. 459, 470 (1960). Further, employee benefit trust funds and fund trustees have standing to sue as third-party beneficiaries of a CBA. 29 U.S.C. § 185(a); *see also Chicago Plastering Inst. Pension Trust Fund v. William A. Duguid Co.,* 761 F. Supp. 1345, 1347 n. 2 (N.D. Ill. 1991).

Taking the well-pleaded facts of the Complaint as true, NASI Funds have established that A&M was a party to the CBA and was required to contribute to the Funds per the CBA. A&M failed to make such contributions in violation of 29 U.S.C. § 185(a). *See* ECF No. 1 ¶ 8. Liability is thus established regarding section 301 of the Labor Relations Act. Default judgment as to liability is thus GRANTED.

### B. Damages

As to damages, Plaintiffs by statute may collect as damages (1) the amount of the delinquent contributions, (2) liquidated damages assessed on the late contributions, (3) interest at the rate provided in 29 U.S.C. § 1132(g), and (4) attorneys' fees and costs. *See* 29 U.S.C. § 1132(g).

In support of their damages request, Plaintiffs submit the relevant CBA and Trust Agreements, ECF Nos. 7-4 – 7-11; a declaration of Plaintiffs' Assistant Fund Administrator of the National Sprinkler Industry Welfare Fund, John P. Eger; and a separate audit of the award amount. ECF Nos. 7-3, 7-14. As for attorneys' fees and costs, Plaintiffs submit the affidavit of Charles W. Gilligan, Esq., the attorney assigned to this case. ECF No. 7-15. Because this evidence is sufficient for the Court to ascertain allowable damages and the requested amounts are consistent with the damages sought in the Complaint, the Court will award damages without a

hearing. *See* ECF Nos. 1, 7-3. In determining damages, this Court finds that no evidentiary hearing is necessary and instead relies on the affidavits and other evidence of the record to determine the appropriate amount. *See, e.g., Monge*, 751 F. Supp. 2d at 794–96.

### 1. Unpaid Contributions

Pursuant to an audit conducted in November 2018, A&M owes NASI Funds $48,988.46 in unpaid contributions for the months of March 2018 through May 2018. ECF No. 7-3 (Eger Decl.) 7-14 (Nov. 2018 audit). Based on this evidence, the Court awards $48,988.46 in unpaid contributions.

### 2. Liquidated Damages

The pertinent Trust Agreements provide that an employer's failure to pay timely contributions under the CBA triggers payment of liquidated damages as follows: (1) 10% penalty on payment not received by the 15th of the month; (2) an additional 5% on payment not received by the end of the month; and (3) an additional 5% on payment not received by the 15th of the month following the month in which payment was due. ECF No. 1 ¶ 13. The Court has reviewed the delinquent payment amounts and the penalties assessed as liquidated damages. ECF No. 7-14 (Nov. 2018 audit). Based on this evidence, the Court awards $55,058.84 in liquidated damages.

### 3. Interest

Plaintiffs are also entitled to interest on unpaid contributions. Interest is "determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. § 1132(g). Pursuant to 29 U.S.C. § 1132(g)(2)(B) and the Trust Agreements, an annual interest rate of 12% on Defendant's unpaid contributions through November 26, 2018 is awarded in the amount of $6,656.35, plus accruing interest through the date of payment. 29

U.S.C. § 1132(g)(2)(B); *see also* ECF No. 7-7 ("interest from the due date to the date of payment at the rate determined by the Trustees which may not exceed the rate provided under Section 6621 of the Internal Revenue Code").

Additionally, Plaintiffs are entitled to post-judgment interest under 28 U.S.C. § 1961. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." *Id.; see also I.A.M. Nat. Pension Fund, Plan A, A Benefits v. Slyman Indus.,* 704 F. Supp. 301, 302–03 (D. D.C.), *aff'd,* 901 F.2d 127, 129 (D.C. Cir.1990). Post-judgment interest is calculated from the date of the entry of the judgment, at a rate "equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961. Thus, post-judgment interest shall continue to accrue until the judgment is satisfied.[1]

### 4. Attorneys' Fees and Costs

NASI Funds are also entitled to attorneys' fees and costs under the Trust Agreements. ECF No. 7-7 ("All reasonable expenses incurred by the Trust Fund to enforce the payment of amounts due, including, but not limited to, reasonable attorneys' fees, accountants' or auditors' fees, and court costs will be added to the amount owed by the delinquent Employer"). The Court considers the reasonableness of attorneys' fees under Appendix B to the Local Rules and the following factors: the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if

---

[1] Although the damages sought are greater than the amounts pleaded in the Complaint, the award is nonetheless appropriate. This is because default judgment may include "all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorney's fees." ECF No. 1 at 5 ¶ C. The Court finds that the additional amounts as articulated above are proper under Rule 54(c). *See Trs. of Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-17-0449, 2017 WL 4898264, at *5 (D. Md. Oct. 27, 2017); *see also Trustees of Nat'l Automatic Sprinkler Indust. Welfare Fund v. First Responder Fire Prot. Corp.*, No. GJH-16-4000, 2017 WL 3475678, at *2 (D. Md. Aug. 11, 2017) ("Defendant is fairly regarded to be on notice of the subsequent increase due to the continuing obligations to make contributions to the Funds under the applicable collective bargaining agreements.").

apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); D. Md. Loc. R., Appx. B.

NASI Funds are represented by Charles W. Gilligan, of the law firm of O'Donoghue & O'Donoghue LLP, who has been a member of the Bar of the United States District Court for the District of Maryland since 1986, and a partner at the firm since 1993. *See* ECF No. 7-15. Gilligan charged $310.00 per hour, and his paralegal, Teresa Butler, charged a rate of $122.00 per hour. Teresa Butler has been employed as a paralegal at O'Donoghue & O'Donoghue LLP, since 1985. ECF No. 7-15. These rates fall within the presumptively reasonable ranges established by this Court's Local Rules. ECF No. 7-15; Loc. R. 1(c), Appx. B.

Gilligan attests that he spent 1.50 hours and Butler spent 10 hours on this matter, both of which appear reasonable given the nature and scope of this case. *See* ECF No. 7-15. The lodestar calculation (reasonable hourly rate multiplied by hours of work performed) thus supports the requested award of $1,685.00 in attorneys' fees. ECF No. 7-15. The record also supports Plaintiffs' request for $485.00 in miscellaneous legal costs. *See* ECF Nos. 7-1; 7-17. Therefore, the Court GRANTS Plaintiffs' request for $1,685.00 in attorneys' fees and $485.00 in costs.

## IV.     CONCLUSION

Plaintiffs' Motion for Default Judgment is GRANTED. Judgment in the amount of

$112,873.65 SHALL BE ENTERED against Defendant A&M Fire Protection, LLC, for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs, plus additional contributions, liquidated damages, costs, interest, and reasonable attorneys' fees that became due from the date this action was filed and through the date of judgment. Additionally, post-judgment interest, calculated in accordance with 28 U.S.C. § 1961, shall continue to accrue until the judgment is satisfied. A separate Order will follow.

1/31/2019 _____          _____/S/_____
Date                                                    Paula Xinis
                                                        United States District Judge